**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TIMOTHY GRIFFITH,

        Petitioner - Appellant,

v.

DAVID PARKER, Warden,

        Respondent - Appellee.

Nos. 10-6027
and 10-6050

(W.D. Oklahoma)

(D.C. No. CV-08-00672-W)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These matters are therefore ordered submitted without oral argument.

Timothy Griffith, a state prisoner appearing *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the district court's denial of his 28 U.S.C. § 2254 petition, as well as the denial of his motion to reconsider. Because

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

we find Mr. Griffith is not entitled to a COA to challenge either of the district court's orders, we deny him a COA and dismiss these matters.

## BACKGROUND

Mr. Griffith was convicted by a jury in an Oklahoma state court of two counts of attempted first-degree rape and eight counts of sexual abuse of a child. He was sentenced to five years' imprisonment on each of the attempted rape counts and three years' imprisonment on each of the sexual abuse counts, which the district court decided to run consecutively. Mr. Griffith appealed his convictions, raising nine claims for relief, including a challenge to the district court's decision to run his sentences consecutively. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Mr. Griffith's convictions and sentences, with the exception of one count of attempted rape, which the court reversed and dismissed.

Mr. Griffith then filed an application for post-conviction relief, arguing that the trial court's decision to order consecutive sentences violated his Sixth Amendment right to have the jury determine his sentence. The state district court denied Mr. Griffith's application, concluding that Mr. Griffith had challenged the propriety of his consecutive sentences on direct appeal, so that consideration of that issue in post-conviction proceedings was barred by res judicata. Mr. Griffith appealed once again to the OCCA, arguing that the imposition of consecutive

sentences violated his Sixth Amendment right to a jury trial and further arguing,

for the first time, that he "was never advised during sentencing that he was being

sentenced under the 85% law." R. Vol. 1, Part 1, at 18.[1]  In denying

Mr. Griffith's request for post-conviction relief, the OCCA observed that his

convictions and sentences had been affirmed on appeal, and that, accordingly, the

doctrine of res judicata barred the consideration of all issues previously ruled on

and all issues not raised in his direct appeal, but which Mr. Griffith could have

raised in that appeal.

Mr. Griffith then brought the instant § 2254 petition, alleging (1) the trial

court lacked the authority to impose consecutive sentences and that the court's

imposition of such sentences violated his right under the Sixth and Fourteenth

Amendments to have the jury determine his punishment; and (2) he was never

advised that he would be sentenced under the 85% law.  The district court

rejected these claims and denied Mr. Griffith's request for a COA to appeal its

decision.[2]

---

[1]The 85% law refers to the fact that, under Oklahoma law at the time, defendants convicted of certain enumerated offenses must "serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration of parole."  See Okla. Stat. Ann. tit. 21, § 13.1.

[2]More precisely, the district court referred this case to a magistrate judge, who issued a report and recommendation to dismiss the § 2254 petition, which the district court then adopted.

With respect to Mr. Griffith's first argument, the district court declined to determine whether it was procedurally barred, but rather, addressed the argument on its merits.  See Cannon v. Mullin, 383 F.3d 1152, 1159 (10th Cir. 2004) ("When questions of procedural bar are problematic . . . and the substantive claim can be disposed of readily, a federal court may exercise its discretion to bypass the procedural issues and reject a habeas claim on the merits.").  After noting that Mr. Griffith's argument about the unconstitutionality of his consecutive sentences was based upon a series of Supreme Court cases, beginning with Apprendi v. New Jersey, 530 U.S. 466 (2000), and continuing with Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), the district court relied upon a recent Supreme Court case specifically addressing the authority of trial judges to decide whether a sentence should be served consecutively or concurrently, Oregon v. Ice, 129 S. Ct. 711, 714 (2009), to conclude that Mr. Griffith's challenge to his consecutive sentences lacked merit.[3]

With respect to his second argument, regarding his awareness of the 85% law, the district court held that Mr. Griffith had failed to raise this issue on direct

_____

[3]In Ice, the Supreme Court observed that its decisions in Apprendi and Blakely held "that it is within the jury's province to determine any fact (other than the existence of a prior conviction) that increases the maximum punishment authorized for a particular offense."  Ice, 129 S. Ct. at 714.  The question presented in Ice was whether it was also solely within the jury's province to determine whether sentences should be served concurrently or consecutively.  The Court held it was not:  "The decision to impose sentences consecutively is not within the jury function that 'extends down centuries into the common law.'"  Ice, 129 S. Ct. at 717 (quoting Apprendi, 530 U.S. at 477).

appeal or in his initial post-conviction state court proceeding. Rather, he raised this issue for the first time in his post-conviction appeal to the OCCA, which found that claim procedurally barred and, accordingly, did not address the merits of the claim. The district court therefore considered this claim procedurally barred, unless Mr. Griffith could establish cause for and prejudice from holding the claim procedurally barred, or demonstrate that the failure to address it would result in a fundamental miscarriage of justice. The court concluded that Mr. Griffith had shown neither cause nor prejudice, nor demonstrated that a fundamental miscarriage of justice would result, and it denied relief on this claim. The district court subsequently denied Mr. Griffith's request for a COA, as well as his request that the court reconsider its denial of a COA. Mr. Griffith seeks a COA from this court to enable him to appeal those district court orders.

In his quest to obtain a COA, Mr. Griffith repeats his general arguments that the jury must determine his sentence, that he was never advised of the 85% rule, and that he did not himself prepare his direct appeal and thus cannot be held responsible or accountable for what is or is not contained in that appeal.

## DISCUSSION

The issuance of a COA is jurisdictional. We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Mr. Griffith must demonstrate

"that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a claim on its merits, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. When the district court dismisses a petition on procedural grounds, the applicant must not only make a substantial showing of the denial of a constitutional right; he must also demonstrate that the district court's "dismissal on procedural grounds was debatable or incorrect." Id. at 485. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should not be allowed to proceed further." Id. at 484.

As indicated above, the district court resolved one of Mr. Griffith's arguments on its merits and one on procedural grounds. We agree with the court's analysis of both issues, and we cannot improve upon its thorough and thoughtful discussion. Accordingly, for substantially the reasons set forth in the district court's decision, we deny Mr. Griffith a COA to enable him to appeal the district court's orders. We also deny Mr. Griffith permission to proceed on appeal *in forma pauperis*.

**CONCLUSION**

For the foregoing reasons, we DENY Mr. Griffith a COA and we DENY him the right to proceed on appeal *ifp*.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge